IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. KINITZ,  :  | | CIVIL ACTION |
|    Plaintiff,  : | | |
| : | | No.: 20-cv-6013 |
| v.  : | | |
| : | | |
| CENTRAL ADMIXTURE PHARMACY  : | | |
| SERVICES, INC., B. BRAUN MEDICAL : | | |
| INC., B. BRAUN OF AMERICA INC.  : | | : |
|    Defendants.  : | | JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Robert M. Kinitz (hereinafter "Plaintiff").  Plaintiff is an employee of Central Admixture Pharmacy Services, Inc. (hereinafter "Central Admixture Pharmacy Services") in Allentown, Pennsylvania, who has been harmed by sex discrimination, sexual orientation harassment, sexual harassment and retaliatory practices as well as other improper conduct by Central Admixture Pharmacy Services and its agents, servants, and representatives .

This action is brought under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.*.

### II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. §2000e-5(f), 28 U.S.C. §1331 and 1391, 2201, 2202, 1343 and the claim

is substantively based on Title VII, 42 U.S.C. §2000e *et seq.*.

2. All conditions precedent to the institution of this suit have been fulfilled.

3. On or about December 18, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was jointly filed with the Pennsylvania Human Relations Commission ("PHRC"), against Central Admixture Pharmacy Services alleging, inter alia, sex-based employment discrimination, sexual harassment, and retaliation.

4. On September 2, 2020, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission.

5. This action has been filed within ninety (90) days of receipt of said Notice.

### III. PARTIES

6. Plaintiff is a 31-year-old male citizen and resident of the Commonwealth of Pennsylvania. Plaintiff at all times relevant herein was employed by Central Admixture Pharmacy Services.

7. Central Admixture Pharmacy Services is a corporation organized and doing business under the laws of the Commonwealth of Pennsylvania with registered offices at 824 Twelfth Avenue, Bethlehem, PA and a principle place of business at 6580 Snowdrift Road, Allentown, Pennsylvania.

8. Upon information and belief Defendant B. Braun Medical Inc. owns pharmacies that are operated under the name Central Admixture Pharmacy, Inc.

9. At all times relevant herein, Plaintiff was an "employee" as defined by the Title VII, 42 U.S.C. § 2000e, and is protected by the provisions of the Act.

10. At all times relevant herein, Central Admixture Pharmacy Services was an "employer" as defined by the Title VII, 42 U.S.C. § 2000e, and is subject to the provisions of the Act.

11. At all times relevant hereto, Central Admixture Pharmacy Services acted by and/or failed to act by and through the conduct of its officers, managers, agents, and employees, all acting within the scope and course of their employment.

12. Central Admixture Pharmacy Services has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of sex and gender stereotyping, sexual orientation harassment, gender-based (male) harassment, sexual orientation discrimination, gender-based (male) discrimination, and retaliation.

13. At all relevant times herein, Central Admixture Pharmacy Services knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

## IV. CAUSES OF ACTION

14. Plaintiff is a 31-year-old male employee hired by Central Admixture Pharmacy Services on or about July 9, 2018 and worked most recently as an IV Tech 1.

24. At all times relevant hereto, Plaintiff was qualified for his position and performed his job duties in a proper and competent manner.

25. At all times relevant hereto, Plaintiff's supervisors were Gregory D. Smith, Director of Pharmacy (hereinafter "Smith"), Eric Lee, Senior Pharmacist (hereinafter "Lee"), Rachel Schwartz, Assistant Director of Pharmacy (hereinafter "Schwartz"), David L.

Cain, Manufacturing Operational Manager (hereinafter "Cain"), Tamara McEleney, Supervisor Technical Services (hereinafter "McEleney"), Marc Redding, Senior Human Resources Business Partner (hereinafter "Redding"), and Juanita A. Harris, Director of Human Resources (hereinafter "Harris").

26. Shortly after Plaintiff started as a pharmacy technician trainee, he was subjected to hyper-scrutiny and hyper-criticism including, but not limited to, adverse actions by McEleney that Plaintiff behaved "unacceptably" and criticizing his "voice tone."

27. McEleney stated that he reported Plaintiff for the above actions.

28. Plaintiff was trained for his position by an employee named _____ Finke (hereinafter "Finke").

29. During his training, Finke told Plaintiff to bring in a prescription from home as part of his training

30. Plaintiff complied with Fine's directive.

31. Finke and then proceeded to make reference to Plaintiff as medication as one used to prevent HIV.

32. Plaintiff objected to the implied assertion.

33. On or about _____ Plaintiff was summoned to meet with Smith and McEleney to discuss a warning about his conduct.

34. At the above referenced meeting, Plaintiff asked Smith and McEleney whether the warning was due to his sexual orientation and sex and gender stereotyping because of Finke's comments.

35. At the above referenced meeting, Plaintiff acknowledged to Smith that he (Plaintiff) is

homosexual.

36. At the above referenced meeting, after Plaintiff acknowledged that he was homosexual, Smith immediately referred Plaintiff to Harris, the Director of Human Resources.

37. On September 6, 2018, Plaintiff subsequently refuted the allegations and assertions in the above referenced warning in a written statement provided to Harris, the Director of Human Resources.  In that statement, Plaintiff also reported his concerns regarding being targeted and harassed due to his sexual orientation and sex and gender stereotyping.

38. Following the above referenced written statement by Plaintiff denying the truth of the allegations, the "warning" was removed from Plaintiff's file.

39. In or around November 2018, Travis Kern, a Quality Technician (hereinafter "Kern"), began blowing kisses at Plaintiff, making penis jokes, and making other offensive and uninvited sexual comments to Plaintiff.

40. Other employees, encouraged by Kern's harassment and teasing of Plaintiff, joined in on the hostile and offensive behavior and comments toward Plaintiff.

41. Plaintiff felt threatened by the behavior of his co-workers.

42. All of the aforementioned occurred without any encouragement from Plaintiff and repeated requests that the harassment cease.

43. Instead, the teasing and harassment of Plaintiff continued.

44. In an effort to escape the harassing and threatening behavior on the first shift, Plaintiff transferred from first to second shift.

45. Plaintiff hoped that by changing shifts, Kern's harassing behavior, as well as the

discriminatory, harassing, and threatening behavior of others who joined in would cease. It did not. Rather, it continued and even escalated.

46. Plaintiff ultimately reported Kern's behavior to Redding and asked for his assistance.

47. Plaintiff also followed up with reporting Kern's behavior to Harris and asked for her assistance.

48. Despite his pleas for help, neither Redding nor Kern did anything to help Plaintiff and no remedial action was taken.

49. Defendant did not take any action which was reasonably calculated to end the harassing and threatening conduct directed at Plaintiff.

50. In or around April 2019, one of Plaintiff's co-workers was on vacation and a Quality Technician named Jay (LNU) (hereinafter "Jay") was filling in on Plaintiff's shift.

51. In the course of a conversation, Jay offered Plaintiff Kern's telephone number, which Plaintiff refused.

52. On or about May 2, 2019, Redding called Plaintiff and informed Plaintiff that rumors were circulating that Plaintiff was "willing to pay $50" for Kern's telephone number.

53. Plaintiff denied the allegations in the above referenced rumors and reported to Redding that Jay had offered Kern's telephone number to Plaintiff.

54. On or about May 3, 2019, Redding pulled Plaintiff into another meeting, wherein Redding admonished Plaintiff's denial and reported that Plaintiff's version of the above referenced events was "inconsistent" with the version offered by other employees interviewed by Redding.

55. On May 6, 2019, Plaintiff submitted a statement to Human Resources indicating that

being pulled into meetings such as these was affecting his work performance and that this constituted retaliation due to his reports of harassment.

56. The multiple "meetings" to which Plaintiff was summoned were pretextual and retaliatory.

57. In or about August 21, 2019, Schwartz telephoned Plaintiff, <u>again</u> instructing Plaintiff to come to a meet, this time with Cain and Lee.

58. Plaintiff was accused of false and pretextual allegations.

59. When Plaintiff arrived in Cain's office, he was confronted by Cain, Harris, and a security officer.

60. Plaintiff was immediately informed by Harris that Defendant had concluded its investigation, and Harris said that this was "not a safe" work environment for Plaintiff and that Plaintiff was fired.

61. Plaintiff was then escorted out of the building without being permitted to retrieve his personal belongings.

62. Central Admixture Pharmacy Services was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

63. As a direct result of the hostile and antagonistic conduct by Central Admixture Pharmacy Services' supervisory employees, Plaintiff was deprived of his employment.

64. As a direct result of Central Admixture Pharmacy Services' conduct, Plaintiff has been

irrevocably damaged.

65. As a direct result of Central Admixture Pharmacy Services' above-stated conduct, Plaintiff has suffered ongoing back-pay and front-pay losses.

66. As a direct result of Central Admixture Pharmacy Services' above-stated conduct, Plaintiff has suffered and continues to suffer emotional, psychological, and physical distress and humiliation.

67. As a direct result of Central Admixture Pharmacy Services' above-stated conduct, Plaintiff's career, professional and job opportunities have been impaired and damaged and he has suffered a loss of earnings and earning capacity.

## COUNT I
### PLAINTIFF v. CENTRAL ADMIXTURE PHARMACY SERVICES
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 and 1991

68. Paragraphs 1 through 67 inclusive, are incorporated by reference as if fully set forth at length herein.

69. Based on the foregoing, the Defendant has engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and Title 42 U.S.C. §2000e, *et seq.*.  The said unlawful practices for which Defendant is liable to Plaintiff include, but are no limited to, fostering a gender and sex hostile and offensive work environment;  and retaliating against him because of his expressed reporting, complaining of and opposition to highly unwelcome and offensive conduct in the work place; subjecting him to more onerous working conditions and treating him in a disparate manner.

70. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and Title 42 U.S.C. §2000e, *et seq.*, Plaintiff sustained and suffered severe and great economic and compensatory damages, including severe emotional and psychological distress and humiliation, loss of self-esteem, loss of future earning power, plus back pay, front pay, and interest due thereon.

### COUNT II
### PLAINTIFF v. CENTRAL ADMIXTURE PHARMACY SERVICES
### RETALIATION UNDER TITLE VII

71. Paragraphs 1 through 70 inclusive, are incorporated by reference as if fully set forth at length herein.

72. By the acts complained of, Defendant has retaliated against Plaintiff for exercising his rights under Title VII in violation of Title VII.

73. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practice unless and until this Court grants relief.

### V. PRAYER FOR RELIEF

89. Paragraphs 1 through 73 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in his favor and against Central Admixture Pharmacy Services and requests that this Court:

(a) Exercise jurisdiction over his claims;

(b) Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, and severe emotional trauma;

(c) Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

(d) Order Central Admixture Pharmacy Services compensate Plaintiff with a rate of pay and other benefits and emoluments to employment to which she would have been entitled had he not been subject to unlawful discrimination and/or retaliation;

(e) Order Central Admixture Pharmacy Services compensate Plaintiff with an award of front pay, if appropriate;

(f) Order Central Admixture Pharmacy Services compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

(g) Order Central Admixture Pharmacy Services pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(h) Order Central Admixture Pharmacy Services pay to Plaintiff pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law; and

(i) The Court award such other relief as is deemed just and proper.

## VI.  JURY DEMAND

Plaintiff demands trial by jury.

                                                  HAHALIS & KOUNOUPIS, P.C.

                                                  By:__/s/ George S. Kounoupis_____
                                                         GEORGE S. KOUNOUPIS, ESQUIRE
                                                         20 East Broad Street
                                                         Bethlehem, PA  18018
                                                         (610) 865-2608
                                                         Attorneys for Plaintiff

Dated:  November  30, 2020